## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | | |
|---|---|---|
| MARIA GONZALEZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | **Cause No.:**  3:21-cv-00141 |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

### DEFENDANT'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

**COMES NOW,** STATE FARM LLOYDS, ("Defendant") and files it's Notice of Removal pursuant to 28 U.S.C. § 1441 based on diversity of citizenship jurisdiction, and in support of the this Removal, would respectfully show the Court as follows:

### I.
#### FACTUAL BACKGROUND

1.      This lawsuit was originally filed on February 26, 2021 under Cause No. 2021DCV0677, and styled *Maria Gonzalez v. State Farm Lloyds* in the County Court at Law No. Six of El Paso County, Texas (hereinafter the "State Court Action").

2.      A true and correct copy of the docket sheet from the State Court Action is attached to this Notice as "Exhibit A." Pursuant to 28 U.S.C § 1446(a) a true and correct copy of all process, pleadings and orders in the State Court Action are being attached to this Notice as "Exhibit B."

3.      Plaintiff asserts a Texas state law claims for breach of contract, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of the common law duty of good faith and fair dealing, and common law fraud. *See* Ex. B (Pl.'s Orig. Pet. at ¶ 29).

4.       Plaintiff seeks "monetary relief over $127,500.00" in damages, penalties, costs, expenses, prejudgment interest, and attorney's fees. *Id.* at ¶ 4.

## II.
### BASIS FOR REMOVAL

5.       This case is being removed based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and pursuant to 28 U.S.C. § 1441(a). Any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a). The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of a State and citizens or subjects of a foreign state. 28 U.S.C. § 1332(a)(2).

6.       Plaintiff was a Texas citizen at the time that she filed this lawsuit and is currently a Texas Citizen. *See* Ex. G-H. Plaintiff has continuously lived at 6737 Mesa Grande Ave., El Paso, Texas 79912 since 1992 and currently lives at this address. *Id.* Plaintiff held/holds a Texas Driver's License, was/is registered to vote in Texas, and was/is employed in Texas both at the time that this lawsuit was filed and at the time of the filing of this Notice of Removal. *Id.*

7.       On the contrary, Defendant is not a Texas citizen. *See* Ex. D (Affidavit of Michael Roper). That is, Defendant is an association of individual underwriters authorized to conduct business in Texas as a Lloyd's Plan insurer as set out in Chapter 941 of the Texas Insurance Code, and that all of its underwriters are citizens of Illinois. *Id.*; *see also Carden v. Arkoma*, 494 U.S. 185, 189 (1990) (Unincorporated association is itself not a citizen of any state); *Royal Ins. v. Quinn-L Capital*, 3 F.3d 877, 882 (5th Cir. 1993) (for purposes of diversity jurisdiction, citizenship of each of unincorporated association's members is considered).

2

8.      Thus, Plaintiff and Defendant are completely diverse.

9.      Further, Plaintiff seeks "over $127,500.00" in damages, an amount over the $75,000.00 threshold under 28 U.S.C. 1332(a). *See* Ex. B (Pl.'s Orig. Pet. at ¶ 4). Accordingly, the amount in controversy requirement of 28 U.S.C. 1332(a) is also satisfied.

10.     Therefore, because Plaintiff and Defendant are completely diverse, and because Plaintiff seeks damages in an amount over $75,000.00, this Honorable Court has jurisdiction over Plaintiff's claims/causes of action asserted against Defendant.

### III.
### REMOVAL PROCEDURE

11.     If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3). A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than one year after the commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action. *Id.*

12.     Plaintiff filed the State Court Action on February 26, 2021. Ex. B (Pl.'s Orig. Pet.). Defendant was served on March 8, 2021. *See* Ex. C (CT Corporation Service Document).

13.     Defendant served Plaintiff with Requests for Admission and Interrogatories for the sole purpose of ascertaining Plaintiff's citizenship on May 5, 2021. *See* Ex. E-F. Plaintiff served her answers/responses to Defendant's discovery requests on June 2, 2021. *See* Ex. G-H. It was on this date that, for the first time, it was ascertainable that Plaintiff was a citizen, rather than merely a resident, of Texas. *Id.* Accordingly, because less than thirty (30) days have passed since this date, Defendant's Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(3).

16013-130/CMUN/1604874

14.     Venue of this removed action is proper in this Honorable Court pursuant to 28 U.S.C. § 1441(a) as El Paso is the District and Division where the State Court Action is pending.

15.     Pursuant to 28. U.S.C. § 1446(d), Defendant will promptly give all Parties written notification of the filing of this Notice and will also promptly file a copy with the District Clerk of El Paso County, Texas where the State Court Action is currently pending.

## IV.
### JURY DEMAND

16.     Defendant asked for a state court jury trial and asks for a jury trial in this Court.

**WHEREFORE, PREMISES CONSIDERED,** Defendant prays that this matter be placed on this Honorable Court's docket and for any other and further relief to which it may be justly entitled at law or in equity.

Respectfully submitted,

**MOUNCE, GREEN, MYERS,**
**SAFI, PAXSON & GALATZAN**
A Professional Corporation
P. O. Drawer 1977
El Paso, Texas  79999-1977
Phone: (915) 532-2000
Telefax: (915) 541-1597
Email: enriquez@mgmsg.com
Email: mundell@mgmsg.com

By: _____
**Laura Enriquez**
State Bar No. 00795790
**Cal Mundell**
State Bar No. 24109059

Attorneys for State Farm Lloyds

16013-130/CMUN/1604874

## CERTIFICATE OF SERVICE

In compliance with the Federal Rules of Civil Procedure, I certify that on the 14 day of June, 2021, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

Shaun W. Hodge
The Hodge Law Firm, PLLC
Old Galveston Square Building
2211 Strand, Suite 302
Galveston, Texas 77550
(409) 762-5000
shodge@hodgefirm.com

Cal Mundell

16013-130/CMUN/1604874